UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHRISTIAN PATRICK DENTON,**

       **Petitioner,**

v.                                                           Civil Action No. 2:18-cv-144

**J. RAY ORMOND,**

       **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Christian Patrick Denton's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent J. Ray Ormond, Warden, Federal Correctional Complex ("FCC") Petersburg's ("Respondent") Motion to Dismiss or, in the Alternative, for Summary Judgment to Petition for Writ of Habeas Corpus and supporting memorandum, ECF Nos. 5-6. The matter was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the relief sought in Respondent's Answer, namely denial of the Petition ECF No. 5, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On September 15, 2015, in the United States District Court for the Western District of Virginia, Petitioner was sentenced to forty-one months of incarceration followed by twenty years of supervised release for his conviction of Failure to Register as a Sex Offender. *See* ECF No. 6 at 2 (referencing *United States v. Denton*, No. 7:14-CR-57-GEC, ECF No. 40 (W.D. Va. Sept. 15, 2015)).

On August 19, 2017, while Petitioner was housed in FCC Petersburg, Petitioner was issued an incident report charging him with a violation of Bureau of Prisons ("BOP") disciplinary code 113, possession of intoxicants. *Id.* at 3; *see Id.* attach. 1 at 2, 6; ECF No. 1 at 8. The incident report stated:

> On August 19, 2017, at approximately 02:05pm While [sic] I was monitoring the move outside, I officer [sic] S. Idjerhefere saw inmate Denton Christian#18665-184 [sic] coming into the unit with a bottle of white cloudy liquid in a plastic bottle that smells like intoxicant, wrapped in a newspaper. I took it from him and sent it to Leutenants [sic] officer. The white cloudy liquid was tested with a positive results [sic] for intoxicants at .400 with ALCO Sensor IV Serial Number 093067.

ECF No. 6, attach. 1 at 6. The incident report was delivered to Petitioner at 2:52 p.m. on the day the incident occurred. *Id.*, attach. 1 at 2. During the investigation of the incident report, Petitioner was advised of his right to remain silent at all stages of the disciplinary process. *Id.* The incident report was forwarded to the Unit Discipline Committee ("UDC") for committee action. *Id.*, attach. 1 at 6.

On August 24, 2017, Petitioner appeared before the UDC to answer for the charges at which time he admitted to possessing the intoxicant and stated he was "carrying [the bottle] for someone else" and did "not know what it was." *Id.*, attach. 1 at

2

2, 6. The UDC recommended that due to the severity of the incident, the matter was referred to the Discipline Hearing Officer ("DHO") for further disposition. *Id.*, attach. 1 at 2, 6. The UDC also recommended the DHO take action against Petitioner, to include a loss of Petitioner's good time credit. *Id.*, attach. 1 at 6. On the same day, Petitioner admitted that the bottle and the liquid inside belonged to him. *Id.*, attach. 1 at 2, 7. Also on the same day, Petitioner was given a Notice of Discipline Hearing before the DHO advising him of his rights at the hearing, including his right to: (1) have a written copy of the charges against him at least twenty-four hours prior to appearing before the DHO; (2) have a staff representative; (3) call witnesses to testify on his behalf and present documentary evidence; (4) to present a statement or remain silent; (5) to be present throughout the hearing; (6) to be notified of DHO's decision in writing; and (7) appeal the DHO decision. *Id.*, attach. 1 at 3, 13. Petitioner acknowledged his rights, waived his right to have a staff representative, and requested no witnesses. *Id.*, attach. 1 at 3, 13.

On August 31, 2017, Petitioner appeared before the DHO for a hearing, again waiving his right to have a staff representative and indicating he did not wish to call any witnesses. *Id.*, attach. 1 at 3, 14. In addition to the incident report and investigation, *id.*, attach. 1 at 6-8, DHO considered photographs of the item described, *id.*, attach. 1 at 9-10, and a memorandum from staff about the intoxicants test results, *id.*, attach. 1 at 11. At the hearing Petitioner admitted to the charge and told the DHO "I did have the wine in my possession. I was carrying it to somebody." *Id.*, attach. 1 at 3-4, 15. The DHO concluded Petitioner committed the prohibited act as charged and sanctioned Petitioner by disallowing forty-one days of good conduct time, subjecting him to thirty days

3

disciplinary segregation, and denying him of commissary and visitation privileges for four months. *Id.*, attach. 1 at 3-4, 15.

On January 11, 2018, prior to the issuance of DHO's written decision, Petitioner filed an appeal of the DHO's decision to the Mid-Atlantic Regional Director. *Id.*, attach. 1 at 5, 17. Because Petitioner did not submit a written copy of the DHO decision, his appeal was rejected. *Id.* On February 12, 2018, Petitioner filed an Appeal to the BOP's Office of General Counsel and Petitioner's appeal was again rejected because he failed to submit a written copy of the DHO decision with his appeal. *Id.*

On March 5, 2018, the DHO issued its written decision. *Id.*, attach. 1 at 4, 14-15. On March 19, 2018, while incarcerated in Petersburg, Virginia, Petitioner filed the instant *pro se* Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, Petitioner asserts two separate but interrelated grounds for habeas relief arising out of the disciplinary proceedings. Petitioner asserts in Ground One that:

> The Bureau of Prisons Discipline Hearing Officer (DHO) has disallowed 47 day of my Good Conduct Time (GCT) and has failed to provide me a copy of the DHO report (in violation of 28 C.F.R. § 541.8(h), and in further violation of Bureau of Prisons' Program Statement 5470.9).

*Id.* at 6. In support of Ground One Petitioner states that:

> I was sanctioned by DHO on or about 4 September 2017 to loss of GCT (47 days), for violation of code 113, possession of intoxicants. I have not yet received a copy of the DHO report. I have been forced to serve out all other sanctions imposed by DHO without the opportunity to appeal them. The Administrative Remedy Program mandates submission of the DHO report with any appeal.

*Id.* at 7. Petitioner asserts in Ground Two a "[d]enial of due process." *Id.* In support of Ground Two, Petitioner states:

4

> The fact that I was forced to serve out the sanctions as imposed by DHO without the opportunity to appeal the sanctions or the loss of good conduct time caused my right to due process to be violated. This was done deliberately and with malice aforethought, and is a well-documented plague upon the Bureau of Prisons, specifically this institution.

*Id.* Further, Petitioner requests "that this Court Order Respondent to reinstate the 47 days good conduct time which Petitioner was disallowed and subsequently not permitted to appeal.[1] *Id.* at 8.

On April 6, 2018, at 9:00 a.m., the DHO summoned Petitioner to receive his copy of the written DHO decision by placing him on the "call-out," a means by which inmates can be summoned to various departments within the prison facility. ECF No. 6, attach. 1 at 4. Petitioner failed to report to the DHO and, therefore, did not receive a copy of the DHO's decision on that day. *Id.* On May 10, 2018, staff at FCC Petersburg delivered a copy of the DHO report to Petitioner, and notified him he could appeal the DHO's findings within twenty days of receiving the report. *Id.* at 5.

On June 15, 2018, Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, an accompanying memorandum, and a *Roseboro* Notice. *See* ECF Nos. 5-7. Petitioner did not file a Response to Respondent's Motion and the time for doing so has expired.[2] Accordingly, the Respondent's Motion, ECF No. 5, is ripe for recommended disposition.

---

[1] Petitioner state he has lost forty-seven days of good conduct time and seeks restatement of those forty-seven days. However, the evidence in this matter indicates DHO only penalized him forty-one days of good conduct time. *See* ECF No. 6, attach. 1 at 4, 15.
[2] Because the Court considers materials outside the parameters of the Petition, Respondent's Motion is considered as a motion for summary judgment.

5

## II. DISCUSSION

Petitioner's main contention is that the DHO failed to timely provide him with the DHO's written decision because he was forced to serve out his punishment and was unable to appeal that decision prior to institution of that punishment, in violation of 28 C.F.R. § 541.8(h) and Bureau of Prisons' Program Statement 5470.9 (Ground One), and the Due Process Clause (Ground Two). ECF No. 1 at 6-7.

Before considering the merits of Petitioner's § 2241, the Court must ascertain whether it has jurisdiction over Petitioner's claims. Respondent does not dispute that § 2241 is the proper vehicle for asserting this type of claim, and for the reasons explained below, the undersigned **FINDS** that this Court does have jurisdiction to consider the instant § 2241 Petition.

### A. 18 U.S.C. § 2241

Section 2241 petitions (such as the instant Petition) "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). The relevant portion of the statute provides that "(c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because the purpose of a § 2241 petition for a writ of habeas corpus is "to test the legality of detention," a petition can be brought pursuant to 28 U.S.C. § 2241 "'regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United*

6

*States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 502 U.S. 875 (1991) and citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982)). Here, because the instant § 2241 Petition challenges the way in which Petitioner's disciplinary proceeding was conducted, namely the DHO's failure to timely provide Petitioner with a copy of the DHO written decision, it is properly before the Court.

C. Exhaustion

Unlike other statutes authorizing a prisoner to seek federal habeas relief, "§ 2241 is silent on exhaustion. Even so, courts have generally required parties to exhaust available administrative remedies before seeking § 2241 relief from the federal courts." *Janvier v. I.N.S.*, 174 F. Supp. 2d 430, 434 (E.D. Va. 2001). Petitioner has attempted to resolve this matter by going through the procedural steps necessary to exhaust his claims. However, it appears based on the evidence before this Court that Petitioner's claims were denied because he did not provide a copy of the DHO decision, the absence of which is the subject of the instant claims. ECF No. 6, attach. 1 at 5, 17. The undersigned **FINDS** that Petitioner made every effort to appeal his claim through the BOP's prescribed administrative remedy scheme and has, for all practical purposes, properly exhausted his remedies. *See* Part I, *supra*. The Court thus turns to the merits of the Petition.

D. Petitioner is Not Entitled to Federal Habeas Relief on Ground One of the Petition

Petitioner does not contest that the DHO *hearing* violated his due process rights. ECF No. 1; *but see* ECF No. 6 at 8-11 (despite this, Respondent walks through the procedure and argues Petitioner's due process rights were properly observed pre-hearing, during the hearing, and following the hearing under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) and in

7

compliance with 28 C.F.R. 541). Rather, Petitioner's grievances arise from an alleged post-hearing due process violation and a violation of 28 C.F.R. § 541.8(h) for failing to timely provide him with the DHO written decision, thereby intentionally prevent him from appealing. ECF No. 1.

Approximately six months passed between Petitioner's DHO hearing and the issuance of the DHO written decision. ECF No. 6, attach. 1 at 3-4. The regulation governing disciplinary processes states that the DHO must provide "a written copy of the DHO's decision following the hearing" but does not provide a specific time frame within which the DHO must provide the written decision following such a hearing. *See* 28 C.F.R. 541.8(h); *see also* ECF No. 6 at 11. The plain language of the provision does not provide a prescribed time within which an inmate must receive the written DHO decision. Thus, the Court cannot find that Respondent violated 28 C.F.R. 541.8(h) by failing providing Petitioner with the DHO written decision earlier than it did.[3] Therefore, the Court **FINDS** Ground One of the Petition lacks merit.

4. Petitioner is Not Entitled to Federal Habeas Relief on Ground Two of the Petition

Similarly, Petitioner alleges Respondent's failure to provide him with a copy of the DHO written decision within a reasonable period was done intentionally to prevent him from exercising his due process rights to appeal the sanctions imposed by DHO. While, according to Respondent, current BOP policy provides that DHO written decisions are ordinarily issued within fifteen days, "the BOP's violations of its own policies do not amount to a due process violation." *Bauer v. Warden*, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) (citing *Riley v. Drew*, 2013 WL 2285941, at *5 (D.S.C. May 23, 2013)). Thus, Petitioner's rights were properly

---

[3] Petitioner also cites a violation of BOP Program Statement 5470.9. The Court can locate no such Program Statement. *See* Federal Bureau of Prisons, *BOP Policies*, https://www.bop.gov/PublicInfo/execute/policysearch (showing that in numbered order Program Statement 5394.01 is followed immediately by Change Notice 5500.14).

8

observed because Respondent complied with the processes required by 28 C.F.R. 541 when it ultimately provided the DHO Report to Petitioner and advised him of his appeal rights.

Even when an inmate does not receive a DHO written decision within the proper timeframe, such a delay cannot serve as the basis for a successful habeas petition unless the inmate can show there was a prejudicial effect on the inmate's administrative appeal. *Griffin v. Ebert*, 640 F. App'x 181, 184 (3d Cir. 2016); *Cook v. Warden*, 241 F. App'x 828, 829 (3d Cir. 2007); *see also Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) (holding in the immigration context that "there would be no due process violation absent prejudice"). Petitioner has shown no prejudice, nor is the Court aware of any reason why Petitioner would seek to appeal his DHO hearing beyond or apart from the grounds provided by the instant Petition. Respondent proffered in his Motion, with no rebuttal from Petitioner, that after Petitioner did not respond to the "call-out" the prison staff delivered a copy of the DHO written decision to him on May 10, 2018, and advised him that he had twenty days to appeal the decision through the BOP's administrative remedy program. ECF No. 12. Thus, the DHO's delay issuing the written decision had no prejudicial effect on the Petitioner's ability to appeal the DHO's decision. Because the Petitioner was provided an opportunity to appeal following his receipt of the DHO written decision, Petitioner was afforded the ability to appeal.[4] Because of this the Petition, for all practical purposes, is moot. Additionally, the remedy Petitioner seeks—a return of the forty-one days of good time lost—is wholly unrelated to his instant claims. Therefore, the Court **FINDS** that Respondent did not violate Petitioner's due process rights.

---

[4] Notably, the time within which Petitioner is permitted to appeal has now expired. The Court has no knowledge of whether Petitioner actually appealed within the prescribed time period, but the mere fact that he was given an opportunity to do so with no prejudice to Petitioner satisfies the Due Process Clause.

## III. <u>RECOMMENDATION</u>

In summation, while Petitioner properly invoked § 2241 as the vehicle to challenge the timing in which he received the DHO written decision, as detailed herein, the undersigned **FINDS** that the substantive claims in the instant § 2241 Petition lack merit and the undersigned **RECOMMENDS** that Respondent's Motion, ECF No. 5, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE.**

## IV. <u>REVIEW PROCEDURE</u>

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 2, 2018